UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────────────

No. 24-1944
(7:24-MC-00003-D)

───────────────────────

Mark Eastham and Peter Spark,

    Appellees,

v.

Robert Paul Sharpe,

    Appellant.

## **INFORMAL BRIEF**

Robert Sharpe, Appellant, respectfully comes before this Court requesting the order dismissing this matter be vacated and allow Appellant to assert federal questions and whistleblower claim after Appellees' amended their complaint.

## **FACTS**

1.    At hearing on February 29th, 2024, Appellees Mark Eastham and Peter Spark requested to amend their retaliatory complaint against Appellant. Appellant did not object, understanding that amending a

1

complaint resets the clock for removal, giving Appellant an opportunity to remove the matter into district court, assert federal questions, and bring a whistleblower retaliation claim.

2. Eastham and Spark filed the Second Amended Complaint (SAC) on March 4th, 2024. *See*. 23-AP-89, [DE 57].

3. Appellant timely filed for removal of reference on March 5th, 2024. [DE 59].

4. On July 27th, 2024, the court denied Appellant's withdrawal of reference, improperly stating that Appellant had given up whistleblower rights and relying on Appellees' uncorrected arguments that this matter should be heard in bankruptcy.

5. Reconsideration was requested [DE 7] on July 28th, 2024. Appellant included statements by the Chapter 7 trustee that Appellant did not give up whistleblower rights in this matter.

6. On July 3rd, 2024, the bankruptcy court's recommendation to dismiss 24-CV-456 (24-1889), was improperly added to the docket in this matter. *See* [DE 8].

7. On September 26th, 2024, Appellant's "appeal" was dismissed due to [DE 8].

## **DISCUSSION**

Appellees argued against removal, claiming that Appellant both gave up his whistleblower rights and that this matter should be heard in bankruptcy court. *See.* 24-MC-3-D, [DE 3]. Appellant disputed these claims. *See.* [DE 4]. While these motions were pending in district court, oral arguments and formal briefings were requested by this Court. (24-1001, *In re: Robert Sharpe*). Appellees did not wish to appear before this Court and worked with the bankruptcy court to "moot" claims.

In their rush to moot this Court, Appellees moved to remand this case from bankruptcy court while removal of reference was pending in 24-MC-3-D. Appellant informed both courts of the procedural issue. Appellant also informed opposing counsel of his duty to inform the district court their arguments had reversed, no longer claiming 23-AP-89 is related to bankruptcy. Appellees refused and instead continued efforts to stop appeals and avoid accountability.

## **SUMMARY**

Due process has been denied. Appellees' amended complaint was allowed on June 20th, 2024. Since then, Appellant has not received the SAC or been allowed to assert federal questions and claims in response.

3

Additionally, the district court relied on the bankruptcy court's recommendation from a separate case and dismissed under Rule 8009, which does not apply. However, if Rule 8009 did apply, the Serra test was completely ignored.

Appellant did his duty and stopped Eastham and Spark from abusing the SDVOSB program, an FCA violation. Importantly, whistleblower claims are not being made against Eastham and Spark as "employees" of PCCS, but as owners who brought a derivative action in the name of PCCS, retaliating in the name of the company, and changing the terms and conditions of my employment.

## **RELIEF**

Appellant prays this Court remove reference in this matter; allow an opportunity for Appellant to establish whistleblower status; and allow Appellant to answer the amended complaint, asserting federal questions under 31 U.S.C. 3730(h) and 41 U.S.C. 4712.

Respectfully submitted this 4th day of October 2024,

/s/ Robert Sharpe
Robert Paul Sharpe
245 Royal Fern Rd
Wilmington NC 28412
wilmingtondiver@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing INFORMAL BRIEF, which will send notification of such filing to all CM/ECF participants in this case.

Respectfully submitted this 4th day of October, 2024,

/s/ Robert Sharpe
Robert Paul Sharpe
245 Royal Fern Rd
Wilmington NC 28412
wilmingtondiver@gmail.com