UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

NO. 24-1944
(7:24-MC-00003-D)

———————————

MARK EASTHAM and PETER SPARK

    Plaintiffs – Appellees

v.

ROBERT PAUL SHARPE

    Defendant - Appellant

---

### INFORMAL RESPONSE BRIEF
---

NOW COME Appellees Mark Eastham and Peter Spark, by and through the undersigned counsel, and responds to the Informal Brief filed by the Appellant in this matter as follows:

**<u>STANDARD OF REVIEW</u>**

1.    The standard of review in this matter is abuse of discretion. Accordingly, the District Court's ruling can only be overturned if this Court finds that the District Court abused its discretion in finding that the Appellant's Motion for Reconsideration of its Order Denying Withdrawal of Reference should be denied.

## **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

2. On or about May 4, 2022, Appellees filed an action in the General Court of Justice, Superior Court Division, New Hanover County, North Carolina (Case No. 22 CVS 001507) bringing claims of Breach of Fiduciary Duty, Constructive Fraud, Production of Corporate Records pursuant to N.C. Gen. Stat. §55-16-02, Dissolution and Appointment of a Receiver, Temporary and Preliminary Restraining Order, Breach of Contract, Breach of North Carolina Wage and Hour Act, Defamation, Breach of Stock Redemption and Release Agreement, and Motion for Expediated Discovery against Port City Contracting Services, Inc. ("PCCS") and Appellant (the "State Court Case"). Appellant was and is the majority shareholder of PCCS. Appellees were and are minority shareholders of PCCS and former employees of PCCS. The Appellees currently are claimants in the PCCS chapter 7 bankruptcy case.

3. On the same day, the Court granted an *ex parte* Temporary Restraining Order and granted Appellees' Motion for Expedited Discovery.

4. On or about June 22, 2022, Appellees filed a First Amended Complaint, bringing additional claims including a derivative claim pursuant to N.C. Gen. Stat. §55-7-42, Fraudulent Transfer, and a Motion for Pre-Judgment Attachment in the State Court Case. A scrivener's error was noted in the original Complaint incorrectly noting that Appellant failed to obtain a 50(c) No Contact Order against Respondent Spark. This allegation was removed from the First Amended Complaint.

5. On or about July 26, 2022, Appellant, as corporate representative for

PCCS, was deposed. During the deposition, Appellant testified under oath that he had transferred his membership interest in SRS Supply, LLC to Patrick Sherrill. Specifically, Appellant testified that I "conveyed my interest to a third party . . . a gentleman named Patrick Sherrill."[1]

6. On or about July 27, 2022, the Court granted Appellees' Motion for Prejudgment Attachment and attached certain assets of Stone Bay Tactical, LLC and SRS Supply, LLC in the State Court Action. Stone Bay Tactical, LLC and SRS Supply, LLC were two entities controlled by Appellant.

7. On or about September 8, 2022, a hearing was held on Appellees' Motion for Preliminary Restraining Order. After a full evidentiary hearing, the Court granted Appellees' motion in open court.

8. In opposition to the Motion for Preliminary Restraining Order, Appellant submitted a ninety-one paragraph Affidavit. The Affidavit was void of any allegation that Appellant was a whistleblower, that he had brought claims against Appellees for violation of the False Claims Act or the Whistleblower statute, or that he terminated Appellees from PCCS because of their violation of either statute.

9. On September 19, 2022, Appellant filed a police report with the New Hanover County Sheriff Office wherein he contended that Appellees had embezzled $180,000.00 from PCCS for booking deferred compensation on the company's financial records. After investigation, the New Hanover County Sherriff's department closed the investigation with no referral to the District Attorney's Office

---

[1] This Procedural History and voluminous referenced documents were originally filed in the U.S. Fourth Circuit Court of Appeals at Document 13, in Case No. 24-1001, and are incorporated by reference for brevity of pleadings.

3

to initiate a criminal complaint against Appellees.

10. On or about September 26, 2022, the Court entered a written Order granting Appellees' Motion for Preliminary Restraining Order (the "PI Order") in the State Court Action. As part of the PI Order, Appellant was "prohibited from publishing defamatory statements about Eastham or Spark." (PI Order at ¶134.) The scriveners' error regarding the notation about the 50(c) order was not in the PI Order[2].

11. On or about October 5, 2022, nine days after entry of the PI Order, Appellees filed in the State Court Case a Motion to Show Cause based on Appellant's violation of the PI Order, and specifically, the prohibition against publishing defamatory statements about Appellees. Included in the defamatory postings were a posting by Appellant of the contact information for counsel for Appellees stating that "This is the attorney representing the men that abused and exploited a disabled veteran." Appellant further posted that "[h]e will try to sue me for this post. Bring it. I'm done being ashamed and quiet. Everything from now on will be public."

12. On or about October 10, 2022, the Court denied Appellees' Motion to Show Cause as to why Appellant shall be held in contempt for violating the PI Order, and specifically, the prohibition against publishing defamatory statements about Appellees, because as of the date of the hearing, Appellant had removed the violating publications. The Court retained jurisdiction over any other violations of the PI

---

[2] Appellees' only note this correction, and the correction made in the First Amended Complaint, because Appellant continues to contend that Appellees, and their counsel, have made false statements to the Court(s) and have relied on perjured testimony. Appellees believe Appellant is referencing the scriveners error related to the 50(c) Order.

4

Order.

13. On or about December 16, 2022, Port City Contracting Services, Inc. filed a petition for Chapter 7 bankruptcy protection (Case No. 22-02917-5-DMW). (the "Chapter 7 Case").

14. On or about March 3, 2023, Appellant filed a petition for Chapter 13 bankruptcy protection (Case No. 23-00607-5-DMW). (the "Chapter 13 Case").

15. As part of the Chapter 13 Case, Appellant filed a Statement of Financial Affairs for Individuals Filing for Bankruptcy. Under Part 11, paragraph 28, represented that he was the owner of all the membership interest in SRS Supply, LLC from its inception to December 2022 (the date of the Chapter 7 Case.) [Chapter 13, D.E. 1]. The filing was signed by Appellant "under penalty of perjury" and conflicts with his testimony given under oath in the State Court Case.

16. On or about July 25, 2023, a Consent Order on Trustees' Joint Application to Employ Special Counsel, was entered by the Court in the Chapter 13 Case pursuant to the consent of the parties, including Appellant. [Chapter 13 D.E. 79] ("Consent Order"). Pursuant to the Consent Order, Appellant agreed to "irrevocably withdraw his claim of exemption in any litigation related to PCCS or personal claims Sharpe may have against third parties (including Eastham, Spark, and/or DaVinci Aerospace, LLC)" (See paragraph (i) of the Consent Order). The Consent Order further ordered that "[i]n the event Sharpe's individual bankruptcy case is dismissed, his signature below shall constitute his assignment of his individual interest in any claims and/or litigation within the scope of special counsel's

5

representation to the PCCS Estate." (See paragraph (k) of the Consent Order).

17. On or about September 21, 2023, the State Court entered an Order wherein it relinquished its jurisdiction over the PI Order.

18. On or about September 22, 2023, Appellant removed the State Court Action, and the PI Order, to the U.S. Bankruptcy Court, Eastern District of North Carolina (Adversary Proceeding Case No. 23-00089-5-DMW). [Chap. 13 Dkt 93].

19. On September 26, 2023, Appellant filed a Complaint in the United States District Court, Eastern District of North Carolina (Case No. 7:23-cv-01348) against Appellants and Daniel Matthew Shoaf wherein Appellant seeks a Declaratory Judgment "clarifying whistleblower status, rights and obligations between the parties." ("23-CV-1348") [23-CV-1348 D.E. 1].

20. On or about September 27, 2023, Appellees filed a Motion for Show Cause Order in the Chapter 13 Case for Appellant's failure to comply with the PI Order, which now was within the jurisdiction of the Bankruptcy Court, for Appellant's continued violation of the prohibition against publishing defamatory statements about Appellees. [Adversary Proceeding D.E. 3].

21. On or about October 16, 2023, the Bankruptcy Court granted Appellees' Motion to Show Cause. [Adversary D.E. 10, paragraph 2, 4]. In the Order, the Court, among other things, ordered the following:

> a. The Debtor shall, by 12:00 PM on October 6, 2023, remove any and all postings related to the Appellants or litigation surrounding the Debtor's interactions with the Appellants or any business interests related to any

claims or concerns relative to any pending lawsuits surrounding the Appellants.

b. That the Debtor shall not make postings of any nature related to any claims or any lawsuits involving the Appellants or face future additional monetary or other court-ordered sanctions.

c. All parties to the litigation shall not publish any information regarding this matter on any social media nor make any postings about this litigation or any matter between the parties in this litigation.[3]

22. On or about November 1, 2023, Appellant filed an *Ex Parte* Motion for TRO in the 23-CV-1348 Case wherein Appellant requested the Court enter an injunction "stopping any further potential whistleblower retaliation." [23-CV-1348 Case D.E. 17]. In support of the Motion, Appellant attached his affidavit wherein he stated he was "given whistleblower status by the VA house Committee for Veteran Affairs" and that he "want to hold the VA OIG accountable for the misconduct that occurred in relation to this fraud report." [23-CV-1348 Case D.E. 17-1]. [4]

23. On or about November 3, 2023, the District Court denied Appellant's Motion for TRO and stayed the District Court Case because of the Chapter 13 Case. [23-CV-1348 Case D.E. 18.]

24. Up to the entry of a stay, and not including the *Ex Parte* Motion for TRO,

---

[3] 24-1001, pending before this Court. Appellees are not the interested party in that Writ of Mandamus, and Appellees filed a Notice of Remand [D.E. 34]. Appellees filed a Response in order to comply with [D.E.10] ordering Appellees to respond, even though the Writ is against the Bankruptcy Court for entry of the subject order. Appellees have no interest in the outcome of that matter.
[4] As set forth in 7:23-CV-1673, Appellant failed to exhaust administrative remedies and further failed to qualify as a "whistleblower". Appellant has appealed that ruling as well.

7

since the filing of the District Court Case, Appellant has filed five (5) different motions with the District Court. [23-CV-1348 Case, Dkt 8, 11,13,14, 15].

25. On or about November 15, 2023, Appellees filed a second Motion for Show Cause Order for Appellant's violation of the Bankruptcy Court's Order dated October 16, 2023. [Adversary Proceeding D.E. 21]. Specifically, Appellant has made postings of Facebook that violated the October 16, 2023, Order including further defaming Respondent Spark. Appellant knew that his actions were in violation of the October 16, 2023, stating "I will likely face sanctions by the court for speaking up. However, I no longer can just be silent and let people hurt myself or my family."

26. On November 20, 2023, and November 23, 2023, Appellant sent two emails to counsel or Appellees. In the November 20, 2023, email, Appellant contended that the Chapter 13 Trustee was "unethical and I have a whistleblower report against him as well." Appellant went on to state that "I will make you famous. Your actions are intentional whistleblower retaliations. I will go to prison before I am ever silent again. . . . I do intend to file against you individually . . . Keep being stupid, it fits." In the November 26, 2023 email, Appellant stated "I will be adding your further attempts to harass and silence to the upcoming claim. At this point all your communications with Eastham and Sparks likely fall under crime/fraud." The emails were provided to the Bankruptcy Administrator and to the Bankruptcy Court.

27. On or about November 30, 2023, the Bankruptcy Court held a hearing on Appellees' Motion to Show Cause. [Adversary D.E. 25]. During the hearing, Appellant was further admonished by the Bankruptcy Court for his conduct to date

and was given one additional chance to comply.

28. On or about December 8, 2023, the Bankruptcy Trustee filed a Motion to Dismiss the Chapter 13 case. [Chapter 13 Case, D.E. 113].

29. On or about December 12, 2023, Appellant filed a Response to Motion to Dismiss wherein he contended that the Bankruptcy Trustee had committed "illegal actions." [Chapter 13 D.E. 117, Paragraph 1]. Appellant further falsely represented that he was a "whistleblower." [Chapter 13 D.E. 117, Paragraph 18].

30. On December 19, 2023, Appellant filed an action in the United States District Court, Eastern District of North Carolina against the United States of America wherein he sought the VA Office of Inspector General to act on his claims of whistleblower reprisal (Case No. 7:23-cv-01673-BO-RN) ("VA Case"). [VA Case D.E. 1].

31. After a hearing on December 13, 2023, on or about December 20, 2023, the Bankruptcy Court entered an Order Regarding Debtor's Authority to Initiate Civil Complaint. Prior to the hearing, Appellant filed an Emergency Motion to Reconsider and Application to Reduce Response Time, In Addition to Motion to Expedite Hearing. [Adversary Case D.E. 28, 32]. In the December 20, 2023, Order Appellant was permitted to initiate any action against the VA or any other governmental agencies that Appellant deemed necessary to obtain benefits. The Order further provided that if he "desires to initiate an action involving the claims or counterclaims included within the AP or against any of the parties to that proceeding, including, but not limited to, Peter J. Spark, Mark Leon Eastham, Daniel Mathew

Shoaf, and DaVinci Aerospace, LLC, the Debtor shall be required to seek leave of this Court. Pursuant to 11 U.S.C. §362(a)." [Chapter 13 D.E. 121].

32. On or about January 2, 2024, Appellant filed a Motion to Dismiss Case wherein he sought dismissal of his Chapter 13 Petition. [Chapter 13 D.E. 125].

33. On or about January 5, 2024, the Bankruptcy Court granted the Motion to Dismiss the Chapter 13 Petition. [Chapter 13 D.E. 129].

34. On that same day, Appellant filed an Answer to the Court in the District Court Case wherein he sought that the stay entered by the Court to be lifted. [23-CV-1348 D.E. 19]. In the Answer, Appellant contended that Appellees sought to have him sanctioned for publishing defamatory statements; clearly referencing the Motion to Show Cause.

35. On or about February 5, 2024, Appellant filed an Emergency Motion for Show Cause Order in the Chapter 7 Case wherein he sought an order to Show Cause as to any party objecting to whistleblower rights. [Chapter 7 D.E. 100]. In the Motion, Appellant represented to the Bankruptcy Court that "[c]urrently, an action under the Administrative Procedure Act has commenced. Appellant expects a proper OIG investigation and required action under §4712." This representation was made despite OIG's notification to Appellant on September 30, 2022, that he had failed to allege a proper complaint for whistleblower reprisal. In addition, on or about May 10, 2023, and September 20, 2023, Appellant was notified by Office of General Counsel for the U.S. Department of Veterans Affairs that he did not have a viable Federal Tort Claims Act case and that there was no proper administrative tort claim.

Appellant further represented to the Bankruptcy Court that counsel for Respondent has failed to correct "perjury of materials facts" in the May 4, 2022, filing in State Court. This, despite the fact that the scrivener's error was corrected on June 22, 2022.

36. On or about February 7, 2024, Appellant filed an Emergency Motion to Expedite Decision in the Chapter 7 Case. [Chapter 7 D.E. 103].

37. On or about February 20, 2024, Appellant filed a Motion to Compel Parties to Attendance and Show Cause in the Chapter 7 Case. [Chapter 7 D.E. 110].

38. On or about February 15, 2024, the District Court lifted the stay. [23-CV-1348 D.E. 20]. In the Order, the District Court gave Appellant 52 days to properly serve Appellees pursuant to Rule 4 of the Federal Rules of Civil Procedure. Appellant failed to properly serve Appellees.

39. On or about February 20, 2024, the United States of America filed a Motion to Dismiss for lack of subject matter jurisdiction, Memorandum of Law in Support of Defendant's Motion to Dismiss, and the Declaration of Roy A. Fredrikson in the VA Cases. [VA Case, D.E. 7 & 7-1].

40. Roy A. Fredrikson, who is the Principal Duty Counselor for the U.S. Department of Veterans Affairs Office of Inspector General stated under oath that Appellant first filed a complaint of alleged whistleblower reprisal on July 28, 2022, and filed a subsequent complaint on August 3, 2022. Appellant was notified by the OIG on September 30, 2022, that Appellant's complaints failed to "allege a violation of the prohibition against contractor whistleblower reprisal set forth in §4712(a)." [VA

Case, D.E. 7-1, ¶3 & ¶4]. The United States position, among other arguments, is that Appellant's complaint should be dismissed because the OIG's decision that Appellant failed to allege a supportable reprisal claim is not reviewable by the Court, and that Appellant has an adequate remedy of law: to bring an action against the "offending contractor." [VA Case D.E. 7 at pg 3.]

41. On or about February 10, 2024, Appellant filed a letter to this Court wherein he represented that he "terminated and reported Mark Eastham and Peter Spark for violations of the False Claims Act" and that in "February 2022 I was working on supply chain and related issues at the request of the Ukrainian government." [D.E. 9]. This representation Court conflicts with statements made by Appellant in other Courts in the state of North Carolina. On May 31, 2022, Appellant filed a Motion for Relief from Judgment, Temporary Restraining Order, and Preliminary Injunction in an action brought by the DaVinci Company, LLC against PCCS and Appellant in the General Court of Jurisdiction Superior Court Division, Guildford County (Case No. 22 CVS 2828) wherein he represented to the Court that "Sharpe traveled to Poland and Ukraine to provide humanitarian aid to the refugees fleeing Ukraine due to the military advancements of the Russian Army." Further, on October 7, 2022, Appellant testified in the General Court of Justice District Court Division for New Hanover County, North Carolina (Case No. 22 CVD 125) that he "was away in Ukraine serving, I was recusing women and children and bringing them across the border." Appellant also represented in an email dated March 20, 2022, that he was "resigning as CEO of PCCS Medical to focus my efforts volunteering with

the Ukrainian Army during this time." On or about July 1, 2024, Appellant filed an Affidavit in the Chapter 7 action wherein he asserted under oath that he was in the Ukraine "assisting in evacuations of high-risk children and orphans, ensuring their safety." Chapter 7 , Dkt 180

42. On February 14, 2024, Appellant filed an action in the United States District Court, Eastern District of North Carolina against the undersigned counsel contending that the undersigned counsel retaliated against Appellant, who Appellant contends is a whistleblower, based on counsel's efforts in his representation of Appellees (Case No. 7:24-CV-85-BO).

43. On or about February 16, 2024, an Order was entered in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit Court of Appeals") ordering the Appellees to file an Answer to Robert Paul Sharpe's Petition of Writ of Mandamus.

44. On or about February 21, 2024, Appellees filed a Motion to Remand the District Court Case to the Bankruptcy Court. [23-CV-1348 Case D.E. 22].

45. On or about February 26, 2024, Appellant sent an email to counsel for Appellees. In the email, Appellant stated that "if you attempt in any manner to restrict my rights, enforce the gag or gatekeeper order, or deny me due process in any manner, I will file an emergency motion. Your days of abusing me and the system are over. Further, you will stop speaking for claims potentially held by the estate or I will respond accordingly."

46. On or about February 29, 2024, a hearing was held on Appellant's

motions, and a scheduling conference for the Adversary Proceeding. The Bankruptcy Court denied and deemed moot Appellant's motions. [Adversary Case D.E. 53].

47. On March 5, 2024, Appellant filed the Motion to Withdraw Reference, not serving or providing a Notice of the Motion to affected parties.[5]

48. The District Court, upon consideration of the Motion and the Appellee's Response in Opposition [D.E. 3][6], denied the Defendant's Motion.

49. In response to the denial, the Appellant filed a Motion for Reconsideration [D.E. 7], and the District Court denied the Motion for Reconsideration, and further dismissed the appeal for failure to comply with Rule 8009 [D.E. 9].

## RESPONSE TO APPELLANT'S INFORMAL BRIEF

50. The Appellees refer this Court to United States District Court, for the Eastern District of North Carolina, Judge Dever's ruling on the Motion to Withdraw Reference. The Appellees believe that the Court accurately stated the law and applied the facts to said law in denying Appellant's Motion. [D.E. 5].

51. Further, it is clear from the record in this proceeding that Appellant indeed waived certain litigation rights, and Appellant cannot establish federal jurisdiction over the remaining matters sufficient to successfully argue that the Reconsideration Order or the underlying Order denying withdrawal of the reference should be overturned or vacated.

---

[5] 24-MC-00003-D, the instant case from which Appellant appealed the Order denying the Motion for Reconsideration and Dismissal of the Appeal below, and docket entries in this matter are referenced as "[D.E.#]"

52. Appellant's failure to understand why his arguments lack legal sufficiency has mushroomed into the creation of numerous filings, appeals, and harassing litigation against the Appellees, despite the lack of legal sufficiency for any of his claims, burdening Appellees with vexatious pleadings and financially disruptive litigation with no basis in law or fact.[7]

53. Appellant continues to state that he is a "whistleblower", and this is the basis for many of his "claims" in his litigious history. On the contrary, in this case and in other related litigation, courts have established that Mr. Sharpe does not qualify as a "whistleblower" and he has failed to follow federal law, including exhaustion of administrative remedies, to even have standing to sue in District Court on such a theory.[8]

54. The District Court set forth the pertinent facts and points of law succinctly and sufficiently in its Order denying Appellant's Motion for Removal [D.E. 5], and said Order is part of the Record on Appeal in this case. Appellees reference and reassert the findings and conclusions made by the District Court.

55. It is important to note, however, that Appellant waived his right to assert "personal claims Sharpe may have against third parties", including the Appellees, assigning said claims to the Port City bankruptcy estate [D.E. 5, at p.7].

---

[7] At this point, Appellant has five (5) matters pending in the Eastern District of North Carolina, along with four (4) appeals currently docketed before this court. Moreover, since September 10, 2024, Appellant has filed an additional two (2) Eastern District of North Carolina Bankruptcy Appeals involving DaVinci Aerospace related to the same base Bankruptcy Court matter. There is some overlap in various Bankruptcy Court, District Court and Fourth Circuit matters, although all filings are without merit and are superfluous.

[8] Mr. Sharpe is currently in litigation with the United States, suing the Veteran's Administration for delay in determining that he is a "whistleblower" under 31 USC §3730(h) and 41 USC §4712. The court dismissed for lack of subject matter jurisdiction. At no point has any court of competent jurisdiction held that Mr. Sharpe qualifies as a "whistleblower" under federal law.

56. The District Court notes, and the Appellees reiterate here, that the Appellant failed to file a responsive pleading or Answer to the second amended complaint, despite the clearly established pretrial scheduling order [D.E. 5, at p. 8].

57. Appellees further assert that Appellant's concerns about Appellee's attempts to "moot" claims are unfounded. Appellant fails to comprehend that Appellees worked with the Chapter 7 Trustee in mediating the underlying Adversary Proceeding and the claims filed in the Chapter 7 Case. Appellees resolved all bankruptcy related matters thereby only leaving state court claims; claims that the U.S. Bankruptcy Court did not have subject matter jurisdiction over.

58. Appellant continues to play the victim, asserting that the Appellees "worked with the bankruptcy court" to "moot" claims. Appellees simply participated in a court-ordered mediation (which the Appellant attended but refused to participate) and resolved claims with the estate that assisted in the efficient administration of the bankruptcy estate.

59. Emboldened by this Court's attention to the 24-1001 matter, Appellant's Writ of Mandamus concerning an Order entered by the Bankruptcy Court, Appellant believes that this Court will simply find in his favor, causing him to appeal every single order entered against him in the Bankruptcy Court and the District Court below.

60. Appellants assert and have established that this Court should deny the Appellant's relief, dismissing this appeal and affirming the District Court's rulings below.

THEREFORE, Appellees Mark Eastham and Peter Spark hereby respectfully request that this Court deny and dismiss the appeal and affirm the ruling of the District Court.

Date: 10/14/2024

<u>s/John C. Bircher, III</u>
John C. Bircher, III
N.C. Bar No:24119
Davis Harman Wright, LLP
209 Pollock Street
New Bern, NC 28506
jcb@dhwlegal.com
Telephone: (252) 262-7055
*Counsel for Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2024, I electronically filed the foregoing Notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case. Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid:

                s/ John C. Bircher III
                N.C. Bar No.:24119
                Davis Harman Wright, LLP
                209 Pollock Street
                New Bern, NC 28506
                jcb@dhwlegal.com
                Telephone: (252) 262-7055
                *Counsel for Appellees*